```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


SUSAN M. MORRIS,                    )
   1300 Army Navy Drive, PH 1       )
   Arlington, VA 22202,             )
                                    )
      Plaintiff,                    )
                                    )  Civ. Action No.
            v.                      )
                                    )
JOVITA CARRANZA,                    )
   Acting Administrator, U.S.       )
   Small Business Administration,   )
   Washington, D.C.  20416,         )
                                    )
      Defendant.                    )
_____)
```

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Preliminary Statement**

1.) This is an action by Susan M. Morris, a Caucasian female who is an exceptionally well-qualified Equal Employment Opportunity Manager and highly regarded in the EEO field throughout the federal government. Ms. Morris was denied a position as a GS-14/15 Equal Employment Opportunity Manager by the U.S. Small Business Administration ("SBA") in January, 2001, in favor of a significantly less qualified Hispanic female who, unlike Ms. Morris, had not engaged in protected EEO activity prior to her selection.

2.) The case arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and seeks redress for defendant's discrimination and retaliation toward plaintiff

1

which caused defendant to deny plaintiff the EEO Manager's position that is at issue in this suit.

3.) Ms. Morris timely applied for the SBA position at issue on December 5, 2000. Despite being significantly better qualified than the selectee, considerably more experienced than the selectee, and possessing a demonstrated track record of accomplishments vastly exceeding the selectee, on or about March 16, 2001, the SBA passed over Ms. Morris.

4.) On April 25, 2001, Ms. Morris initiated the precomplaint (informal) discrimination complaint process and, subsequently, timely filed an administrative (formal) complaint of discrimination on June 7, 2001.

5.) Based on conflicts of interest, on August 21, 2001, the SBA contracted with the U.S. Equal Employment Opportunity Commission to investigate plaintiff's complaint. The investigation was begun by EEOC, but never completed for failure of the agency to direct management officials to cooperate pursuant to 29 C.F.R. 1614.108(c)(3). In spite of the plaintiff's request for status reports on processing, the complaint languished with the agency for seven years until March 13, 2008, when the SBA issued the Final Agency Decision ("FAD").

6.) The SBA's FAD documented that it had failed to process the complaint timely and in accordance with regulations; failed to provide required documentation to the EEO counselor in violation of MD-110, Chapter 2, Section III; failed to provide documentation and to cooperate with the investigator and

plaintiff; failed to make employees and documents available; and failed to preserve and to provide the plaintiff and the investigator assigned to Ms. Morris's complaint virtually all of the employment records relevant to the selection at issue.

7.) The documents and records which the agency failed to provide and maintain included, among others, the criteria established by the panel for selection, a list of selectees for the position at issue, the selectee's application, records identifying all of the three interview panel members, notes taken by panel members on the interviews, and a statement of reasons by the selecting official for her selection. Failing to preserve these and other records violated EEOC regulations, which apply to the employment actions in the private and government sectors alike, 29 C.F.R. §1602.14.

8.) This case seeks redress for defendant's discrimination and retaliation toward Ms. Morris under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16. In it, plaintiff seeks: a.) declaratory and injunctive relief; b.) retroactive promotion as a GS-15 EEO Manager at the SBA; c.) backpay and benefits; and d.) compensatory damages. Ms. Morris also seeks an award of the attorneys' fees and costs incurred in the prosecution of this action and the administrative proceeding which preceded it.

**Parties, Jurisdiction, and Venue**

9.) Plaintiff Susan M. Morris is a Supervisory EEO Manager at the GS-15 level currently employed by the U.S. Environmental Protection Agency and an applicant for the position at issue in this case. Ms. Morris is a Caucasian woman who engaged in protected EEO activity prior to the actions which underlie this suit. Ms. Morris resides at the address recited in the caption of this Complaint.

10.) Defendant Jovita Carranza is the Acting Administrator of the U.S. Small Business Administration ("SBA"), the official who heads the SBA on an acting basis, and is sued in her official capacity only. The SBA is an independent agency of the federal government, the mission of which is to aid, counsel, assist, and protect the interests of small, minority, and female-owned business concerns.

11.) Jurisdiction of this Court is based upon 28 U.S.C. §1332; and 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-5(c)); and 29 U.S.C. §§621, et seq. Venue lies here pursuant to 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000-5(f)(3)), because the action of defendant in not selecting plaintiff occurred in this judicial district, where plaintiff would have been employed but for defendant's unlawful employment practice.

**Statement Of Facts**

**Background**

12.) Plaintiff Susan M. Morris is an exceptionally well-qualified Equal Employment Opportunity Manager whose track record of accomplishments in the field of Equal Employment Opportunity in the Federal government dates back to 1979 and includes service of 29 years.

13.) Ms. Morris is a Caucasian female who engaged in protected EEO activity against the Small Business Administration ("SBA") before the events that underlie this Complaint, as explained further in paragraph 18, below.

14.) Ms. Morris' other accomplishments in the EEO field include many years of distinguished service and outstanding performance ratings with two medals, plaques, certificates of commendation and other recognition as a leader in the EEO field and community.  She is a subject-matter expert in EEO and has written policy and procedures for major functional areas within EEO and civil rights for four Federal agencies/Departments.

**Selection at Issue**

15.) On or about November 22, 2000, the SBA posted a vacancy for an Equal Employment Opportunity ("EEO") Manager at the GS-14/15 level under Vacancy Announcement No. 01H-395-CC.

16.) Ms. Morris timely applied for the EEO Manager's position at issue, was rated among the best qualified candidates, and was interviewed by the three member interview panel

responsible for making a recommendation to the selecting official, Kris Marcy, who was then the Chief Operating Officer of SBA.

17.) Ms. Morris's background, experience, and accomplishments made her significantly better qualified than the candidates for the EEO Manager position at issue in this case, and Ms. Morris's interview confirmed that in every respect she was the best qualified candidate.

18.) Despite her vastly superior qualifications, SBA passed over Ms. Morris for the EEO Manager's position at issue and instead selected Rose Trujillo Miller, a Hispanic female who to the knowledge of SBA had not engaged in protected EEO activity prior to the selection process at issue in this case. Ms. Morris, on the other hand, had engaged in protected activity by filing a complaint of discrimination and reprisal against SBA in 1999, which was before the NJ District Court at the time of this selection.

### Plaintiff's Administrative Complaint and SBA's Final Agency Decision

19.) On March 16, 2001, upon learning that she had not been selected for the EEO Manager's position at issue, Ms. Morris timely initiated the precomplaint stage of the discrimination complaint process and was contacted by an EEO counselor on April 25, 2001.

20.) On June 7, 2001, when plaintiff's complaint could not be resolved at the precomplaint stage, plaintiff filed her formal administrative complaint of discrimination based on Caucasian

6

(White, Non-Hispanic) and reprisal for engaging in prior protected activity.

21.) Because the EEO Manager's position at issue was located in the SBA's Office of Equal Employment Opportunity and Civil Rights Compliance, on September 21, 2001, the agency requested that the EEOC conduct the investigation of plaintiff's complaint.

22.) The SBA entered into an agreement with the EEOC to investigate plaintiff's administrative complaint on April 26, 2002.

23.) The EEOC's investigation of plaintiff's administrative complaint was rendered virtually useless, as a result of the SBA's failures to: a.) make management officials available for interviews with the investigator in accordance with EEOC regulations; b.) preserve relevant personnel documents and records, as required by EEOC regulations, which apply to the employment actions in both the private and government sectors, 29 C.F.R. §1602.14; and c.) arrange for the compilation of a thorough investigative record, in accordance with EEOC Management Directive MD-110.

24.) On March 13, 2008, one week short of seven years of Ms. Morris' commencement of the EEO complaint process, SBA issued a Final Agency Decision finding against Ms. Morris.

25.) The SBA FAD states that the plaintiff failed to state a basis of Race discrimination (Caucasian) because the selectee and the plaintiff were both Caucasian, which is contrary to

7

guidance in EEOC Compliance Manual No. 915.003 dated April 19. 1996, Section 15-11, on Race and National Origin categories. Under this guidance, the plaintiff is Caucasian Non-Hispanic and the selectee, Ms. Trujillo is Caucasian Hispanic.

26.) The SBA's Final Agency Decision admitted that the agency had failed to preserve virtually all of the personnel documents and records required of it, among them any notes by the three-member interview panel, statements by two of the three panel members, a statement by the selecting official, a correct identification of the selectee, or the selectee's application materials.

27.) The SBA's Final Agency Decision further stated:  "The Report of Investigation ("ROI") consists of two volumes of evidence, much of it irrelevant …"  The Final Agency Decision also stated that a candidate other than Ms. Trujillo was selected originally, even though there was no reason for believing this to have occurred.

28.) The SBA's FAD cites one panelist interviewed as stating, Ms. Trujillo was an "impressive interviewee who convinced her that she had a creative drive to perform well in the position at issue;" that Ms. Trujillo "had considerable experience working with the Office of General Counsel in other agencies during her career;" and that "this would be very helpful in the position at issue."  This was while the plaintiff had over 25 years experience in working with the Office of General Counsel in three separate agencies in the EEO field.

8

29.) The SBA's FAD states that a panelist, who had destroyed her notes after the selection was made, recollected that "Ms. Trujillo started the interview with a liability, in that she was late for her scheduled interview and the panelists were irritated by this."

30.) In an email in 2001, the selectee for the position admitted to only have a limited time in grade (1 year and 5 months); that she was being put into the position as a GS-14 and would have to prove herself before being considered for the GS-15. This is in contrast to the plaintiff who had over 25 years of outstanding performance in the field and was highly qualified for the position.

31.) In the SBA FAD, the agency admits all of its failures to process the complaint in accordance with the regulations and guidelines, which clearly tainted the process and should have resulted in their drawing an adverse inference on behalf of the plaintiff.

32.) Nonetheless, on March 13, 2008, the SBA issued a Final Agency Decision finding against plaintiff.

### Exhaustion of Administrative Remedies

33.) Ms. Morris timely initiated a precomplaint of discrimination and reprisal concerning the employment action that comprises the subject matter of this Complaint on March 16, 2001, upon learning of the selection of another candidate for the position.

34.) On June 7, 2001, Ms. Morris timely filed an administrative complaint of discrimination and reprisal.

35.) On March 13, 2008, the SBA issued a Final Agency Decision finding against plaintiff.

36.) Ms. Morris timely exhausted the administrative remedies available to her and initiated this suit within 90 days of the SBA's issuance of the Final Agency Decision.

**COUNT I**
**(Race/National Origin Discrimination)**

37.) Plaintiff repeats the allegations contained in paragraphs 1 through 36 above, as though fully set forth here.

38.) On or about November 22, 2000, defendant posted a vacancy for an Equal Employment Opportunity ("EEO") Manager at the GS-14/15 level under Vacancy Announcement No. 01H-395-CC. In due course, defendant selected Rose Trujillo Miller for the position, a Hispanic woman, instead of plaintiff, despite plaintiff's superior qualifications.

39.) In taking the foregoing action, defendant subjected plaintiff to adverse employment action and discriminated against plaintiff on account of her race/national origin, which is a Caucasian woman.

40.) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2), in taking the foregoing action.

41.) Defendant's violation of plaintiff's civil rights caused him to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of

enjoyment of life.

## COUNT II
### (Retaliation)

42.) Plaintiff repeats the allegations contained in paragraphs 1 through 41 above, as though fully set forth here.

43.) On or about November 22, 2000, defendant posted a vacancy for an Equal Employment Opportunity ("EEO") Manager at the GS-14/15 level under Vacancy Announcement No. 01H-395-CC. In due course, defendant selected Rose Trujillo Miller for the position, an applicant who to defendant's knowledge had not engaged in protected EEO activity against defendant, unlike plaintiff, who had engaged in protected EEO activity against defendant as described in paragraph 18 above.

44.) In taking the foregoing action, defendant materially and adversely altered the terms, conditions, and privileges of plaintiff's employment and plaintiff's future employment opportunities, and took materially adverse action against plaintiff that would support a charge of discrimination by a reasonable person.

45.) In taking the foregoing actions, defendant retaliated against plaintiff on account of her protected EEO activity.

46.) Defendant violated the participation and opposition clauses of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-3), by retaliating against plaintiff in the manner described above.

47.) Defendant's violation of plaintiff's civil rights caused him to suffer emotional pain, embarrassment, humiliation,

mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff Susan M. Morris respectfully requests that the Court enter judgment in her favor and award her the following relief.

A. An Order declaring that defendant violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and restraining and enjoining defendant from further violations.

B. An Order providing plaintiff with back pay, plus benefits.

C. Compensatory damages in an amount to be determined at trial to compensate plaintiff for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation, and loss of enjoyment of life caused by defendant's unlawful actions.

D. Record correction.

E. The attorneys' fees and costs incurred by plaintiff.

G. Such other relief as may be just and appropriate.

**JURY DEMAND**

Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100


_____//s//_____
Jennifer R. Amore, Esq.
  D.C. Bar No. 975907
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 200
Washington, D.C.  20004
(202) 393-8200

Counsel for Plaintiff

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. *Antitrust*

☐ 410 Antitrust

### B. *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*    OR    F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255*<br><br>**530 Habeas Corpus-General**<br>**510 Motion/Vacate Sentence** | H. *Employment Discrimination*<br><br>**442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)**<br><br>*(If pro se, select this deck)* | I. *FOIA/PRIVACY ACT*<br><br>**895 Freedom of Information Act**<br>**890 Other Statutory Actions (if Privacy Act)**<br><br>*(If pro se, select this deck)* | J. *Student Loan*<br><br>**152 Recovery of Defaulted Student Loans (excluding veterans)** |
|---|---|---|---|
| K. *Labor/ERISA (non-employment)*<br><br>**710 Fair Labor Standards Act**<br>**720 Labor/Mgmt. Relations**<br>**730 Labor/Mgmt. Reporting & Disclosure Act**<br>**740 Labor Railway Act**<br>**790 Other Labor Litigation**<br>**791 Empl. Ret. Inc. Security Act** | L. *Other Civil Rights (non-employment)*<br><br>**441 Voting (if not Voting Rights Act)**<br>**443 Housing/Accommodations**<br>**444 Welfare**<br>**440 Other Civil Rights**<br>**445 American w/Disabilities-Employment**<br>**446 Americans w/Disabilities-Other** | M. *Contract*<br><br>**110 Insurance**<br>**120 Marine**<br>**130 Miller Act**<br>**140 Negotiable Instrument**<br>**150 Recovery of Overpayment & Enforcement of Judgment**<br>**153 Recovery of Overpayment of Veteran's Benefits**<br>**160 Stockholder's Suits**<br>**190 Other Contracts**<br>**195 Contract Product Liability**<br>**196 Franchise** | N. *Three-Judge Court*<br><br>**441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>**YES**    **NO** |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction)    **YES**    **NO** | | If yes, please complete related case form. |
| **DATE** | **SIGNATURE OF ATTORNEY OF RECORD** | | |

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    **I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    **III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

    **IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    **VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    **VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.